STATE OF INDIANA          )
                          ) SS:
COUNTY OF LAKE            )

LAKE   COUNTY   CIRCUIT   COURT

CAUSE NO:     45D11  1,8.1 ,1 PL 0 0 5 2 7

CLERK'S OFFICE

2018 NOV 21  PM 2 ƒ ̂

MICHAEL A. BR   ̇
CLERK LAKE CIRCUIT COURT

NAPOLEON WILSON,                                )
                                               )
      v.                                        )
                                               )
LAKE COUNTY SHERIFF'S DEPARTMENT;              )
LAKE COUNTY INDIANA;                            )
JOHN BUNCICH individually and in his official  )
Capacity as Lake County Sheriff;               )
EDWARD DAVIES individually and in his official )
Capacity as Jail Administrator or Warden of Lake )
County Jail;                                    )
DR WILLIAM FORGEY individually and in his      )
Official capacity as Medical Director at Lake  )
County Jail;                                    )
CORRECTIONAL HEALTH INDIANA, INC.;             )
UNKNOWN EMPLOYEES OF                            )
CORRECTIONAL HEALTH INDIANA, INC.;             )
UNKNOWN EMPLOYEES OF LAKE                       )
COUNTY SHERIFF'S DEPT/Jail                      )          **JURY TRIAL DEMANDED**

## COMPLAINT

Comes now the Plaintiff Napoleon Wilson, by Attorney Blake N. Dahl of the Law Firm of

Burt & Dahl, P.C., and for its complaint against the Lake County Sheriff's Department, Lake

County Indiana, John Buncich individually and in his official capacity as Lake County Sheriff,

Edward Davies individually and in his official capacity as Lake County Jail Administrator or

Warden, Dr William Forgey individually and in his official capacity as Medical Director of Lake

County Jail, Correctional Health Indiana, Inc., unknown employees of Correctional Health

Indiana, Inc., Unknown employees of Lake County Jail, and states as follows:

### BACKGROUND FACTS

I.      **Introduction**

1

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Napoleon Wilson's rights as secured by the United States Constitution, Indiana State Constitution, Indiana State Negligence, intentional infliction of emotional distress, negligent hiring, training and supervision, abuse of process, personal injury, and illegal conspiracy to violate the civil rights of Plaintiff Napoleon Wilson, and civil conspiracy.  Plaintiff seeks prejudgment interest, attorney fees, costs, compensatory damages, and punitive damages.

## II.    **Parties**

2.     Plaintiff Napoleon Wilson was, at all relevant times, was an inmate of Lake County Jail, an adult citizen of the United States, and citizen of Lake County Indiana.

3.     At all relevant times the Lake County Jail was operated by the Lake County Sheriff's Department, located in Lake County Indiana.

4.     At all times relevant to the events at issue in this case, Defendant John Buncich was the duly elected Sheriff of Lake County, Indiana. As such, Buncich was acting under color of law. He is sued in his official and individual capacities.

5.     Defendant Lake County Sheriff's Department at all relevant times is a county/municipal police department under the control and policy of Lake County Indiana.

6.     Defendant Lake County Indiana, at all relevant times is a county/municipality in the state of Indiana and is a policy maker for the Lake County Sheriff's Department.

7.     Defendant Edward Davies was at all relevant times, a Jail Administrator and/or Warden of the Jail for the Lake County Sheriff's Department.  As such, Davies was acting under color of law and is sued in his official and individual capacities.  At all times relevant to the events at issue in this case, Defendant Edward Davies was employed by the Lake County Sheriff's Department as the Jail Administrator. As such, Defendant Davies was acting under color of law.

2

He is sued in his official and individual capacities. In his role as Jail Administrator, Defendant Edward Davies was responsible for ensuring that the Jail provided lawful treatment and care to the Jail detainees and that the practices of the Jail complied with federal and state requirements for the treatment of detainees, including that detainees are provided with proper medical care. Defendant Davies had personal knowledge that detainees were not provided with proper medical care. Defendant Davies had personal knowledge that detainees were not being provided with proper medical care, and thus that the Jail, its employees, and its contractors were not meeting their obligations to provide proper medical care, and Defendant Davies implemented, enforced, and/or condoned such practices.

8.      At all times relevant to the events at issue in this case, Defendant Dr. William Forgey was medical director of Lake County Jail. As medical director, Defendant Forgey had responsibility for overseeing the Jail's medical department, and for responding to detainee health and medical needs that were brought to his attention. The health and medical needs of Plaintiff, and the injuries that Plaintiff suffered as a result of the Jail's policies and practices, were brought to the attention of Defendant Forgey, and Forgey was deliberately indifferent to them.

9.      Defendant Correctional Health Indiana, Inc. ("CHI"), is a for-profit Indiana Corporation with its principal place of business at 817 Veterans Lane, Crown Point, Indiana 46307. At all times relevant to the events at issue in this case, Defendant Correctional Health contracted with Lake County and the Lake County Sheriff's Department to provide medical evaluation, care, treatment and medication to detainees incarcerated at the LCJ. In its capacity as a contractor to the LCJ, Defendant CHI was, at all relevant times, acting under color of law.

10.     At all times relevant to the events at issue in this case, Defendant CHI, in its capacity as contractor to the LCJ, promulgated rules, regulations, policies, and procedures for the

3

provision of certain medical care by medical personnel and correctional officers, including administration of medical care and medication, to detainees at the LCJ. Defendant CHI's policies were implemented by and through Jail employees and contractors, including the individual Defendant officers and individual Defendant Medical Care providers, who were responsible for the medical care of detainees at LCJ.

11.     At all times relevant to the events at issue in this case, Unknown Employees of Lake County jail ("LCJ") were employed by the Lake County Sheriff's Department and worked at the LCJ as correctional officers. As such, these Defendants were acting under color of law.

12.     At all relevant times, Defendants John Buncich, Edward Davies, Lake County Indiana, Dr. William Forgey, CHI, Unknown employees of CHI, Unknown employees of Lake County Jail, Lake County Sheriff's Department: (a) acted within the scope of their employment; (b) acted under the color of state law; and, (c) acted pursuant to the custom, policy, or practice of the Lake County Sheriff's Department, Lake County Indiana, and CHI.

13.     Defendants Lake County Sheriff's Department, and Lake County Indiana are governmental units within the State of Indiana, subject to the Constitution of the United States and are empowered to sue and be sued for the acts of their agents.

14.     At all times relevant to the events at issue in this case, Defendant CHI, in its capacity as contractor to the LCJ, promulgated rules, regulations, policies and procedures for the training, supervision, and discipline of correctional officers and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication  and/or medical attention to detainees.     Defendant CHI's polices were implemented by and through jail employees and

4

contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

15.     At all times relevant to the events at issue in this case, Defendants Unknown Employees of Correctional Health, Inc., were employees of Correctional Health and had the responsibility to provide evaluation, care, treatment, and medication to detainees incarcerated at the Lake County Jail.

## III.   Unconstitutional Policies of the Municipalities

16.     Throughout 2016 through 2017 and through the present, Defendants Lake County Sheriff's Department, and Lake County Indiana, CHI, Dr Forgey, and all Unknown employees had customs, policies, and practices that violated the federal rights of United States citizens and that harmed Plaintiffs, in that:

> a.   These Defendants hired, supervised, and retained employees they knew were likely to violate the rights of citizens of the United States;
>
> b.   These Defendants failed to properly train, hire, supervise, investigate, discipline, or fire employees they knew were likely to violate the rights of citizens of the United States;
>
> c.   These Defendants conspired with others: (a) to illegally retaliate against citizens of the United States whose civil rights their employees had violated; (b) to cover up their police departments' unconstitutional conduct; and (c) to punish citizens of the United States for filing grievances/complaints against the Lake County Jail.
>
> d.   These Defendants refused to investigate allegations that their employees abused the constitutional rights of United States citizens;
>
> e.   These Defendants conspired with others to violate the constitutional rights of United States citizens by refusing to provide medical treatment to Defendant while in custody awaiting trial, retaliating against Defendant when writing grievances, and attempting to cover-up negligence committed by LCJ and its employees
>
> f.   These Defendants conspired to illegally retaliate against United States citizens that complained about employee misconduct.

5

IV.    **Operative Facts**

17.    That Mr. Napoleon Wilson was incarcerated at the Lake County Jail in 2016 and on or about November 25th 2016 Mr. Wilson was passing though a doorway leading to/from the Tel-Mate visitation area.

18.    That this particular door (estimated to weight around 300 pounds) was not correctly attached to its hinge or sliding mechanism and had been broken for some time.

19.    That the employees of the Lake County Jail knew this door was broken and took no action to fix it but still instructed inmates to use this door by manually opening and closing it when entering or exiting the Tel-Mate visitation room, despite the inherent safety risk.

20.    That on November 25th 2016 while attempting to pass through the broken door, the entire door fell over on top of Mr. Wilson, crashing onto his body and then pinning him on the ground and injuring his head, shoulder, and back.

21.    That three inmates came to Mr. Wilson's rescue to attempt lifting the door off of him while requesting the help from correctional staff which took 15 minutes to arrive. Upon arrival, the correctional staff immediately began blaming Mr. Wilson for breaking the door and accusing him of pulling it down on top of himself, even though they were not present to witness what had occurred.

22.    That the correctional staff refused to provide medical treatment to Mr. Wilson until he provided a statement of the events, on camera, that they could believe; implying that they would not provide medical treatment for Mr. Wilson until he admitted wrong doing.

23.    That upon providing a statement on camera as required by the correctional staff, Mr. Wilson was lifted off of the ground, placed in a wheelchair because he could not walk, and then taken to the medical wing of the jail where Mr. Wilson asked the medical staff (believed to

6

be Nurse Practitioner Katie) to be taken to an outside hospital for medical treatment & x-rays for extreme pain in his head, shoulder, & back but before medical staff could respond, correctional staff (believed to be Corporal Reeves) told Mr. Wilson he would not be going to the hospital but Mr. Wilson quickly stated that he was asking the Nurse Practitioner who then looked at Corporal Reeves and then back at Mr. Wilson and stated she wasn't sending him to the hospital and made this decision without even examining Mr. Wilson.

24.     Upon being denied medical treatment, the Nurse Practitioner asked Mr. Wilson what was wrong and what injuries he had but after explaining his injuries and his extreme pain, she only examined his shoulder and noted that Mr. Wilson's collar bone was visibly sticking up higher on one side.

25.     At this time a jail correctional officer asked the medical personnel if they were finished with Mr. Wilson and a member of the medical staff attempted to help Mr. Wilson from the medical chair back into the wheelchair but was not strong enough to do so; it was at this moment when the correctional staff said "that was the way, now here's the mean way", then Corporal Reeves came around to Mr. Wilson, grabbed his right arm (injured side) and pulled towards him while placing handcuffs on Mr. Wilson. This movement caused *extreme* pain for Mr. Wilson who screamed out in agony. Corporal Reeves the stated "I thought you couldn't move it" and as Mr. Wilson continued to scream in pain, Corporal Reeves stated "don't resist me" and then lifted Mr. Wilson from the medical chair and allowed Mr. Wilson to fall onto the floor in-front of the medical staff. Corporal Reeves then lifted Mr. Wilson (by the handcuffs and at a painful angle) from the floor to the wheelchair.

26.     Mr. Wilson was then wheeled to a new area of the jail he had not previously been (4F7) and was placed in a cell where he rolled out of the wheelchair and onto the mat in the cell.

7

Mr. Wilson, now in throbbing pain, decided the best option for him was to sleep and asked a correctional officer believed to be (Mr. Cook) for a blanket but the correctional officer refused to provide him with a blanket stating "that because Mr. Wilson was the individual who *faked* the door incident, he would not be getting a blanket".

27.     That after the incident Mr. Wilson was moved to a different cell area than he had previously been housed and Corporal Reeves went to Mr. Wilson's old cell to retrieve his personal belongings to be moved to the new cell and instructed the inmates to pack-up Mr. Wilson's belongings for him, as a result, and with full knowledge that it would happen, the other inmates stole some of Mr. Wilson's personal items, including but not limited to legal paperwork, phone card, pin # for the Tel-Mate system, and were eventually able to take funds from his Tel-Mate account.

28.     That after this incident Mr. Wilson wrote and recorded several grievances to the jail with regard to all aforementioned issues but all grievances were either ignored or denied. Along with his grievances, Mr. Wilson continually asked for medical treatment for his injuries (specifically x-rays) but his requests were continually denied.

29.     That on or around May 16th 2017 jail officers were passing out shaving razors when Mr. Wilson attempted to sit on a stool that was connected to the wall but the stool broke away from the wall and Mr. Wilson fell to the ground, inuring his thumb and his back once again. Mr. Wilson then waited around 10 days before he received any medical treatment and he was once again denied his request for an x-ray of his back injuries.

30.     Defendants knew Mr. Wilson was being mistreated and retaliated against for grievances and had no reason to use any force against him to confine and mistreat him for their own gratification through denial of medical treatment which would have revealed to Mr. Wilson

8

his medical diagnosis and necessary treatment and did so in furtherance of their conspiracy against him; the jail and its employees failed to intervene to protect Mr. Wilson.

31.     Not only did these Defendants, through their own gross negligence, cause a door to injure the Plaintiff, but they further exacerbated his injuries by refusing to provide medical treatment; they caused personal physical injury, embarrassment, and severe emotional distress.

32.     The Lake County Sheriff's Dept., Lake County, Correctional Health Indiana, Inc., had a duty to supervise its employees so as not to create a danger to the public, including Mr. Wilson, but failed to properly supervise these employees.

33.     That all Defendants, acted willfully, wantonly, oppressively, and with reckless disregard for Plaintiff's federally protected rights.

34.     As a direct and proximate result of Defendants' outrageous conduct, unreasonable uses of excessive force, reckless disregard for the safety of Mr. Wilson, and with deliberate indifference to his medical needs, Plaintiff suffered severe emotional distress, economic loss, and personal injury.

V.     **Counts**

*The above mentioned facts are hereby incorporated into all counts below*

### COUNT I: 42 U.S.C § 1983
### Violation of Eighth Amendment Rights
### Against Defendants Lake County Sheriff Department, Dr. Forgey, CHI, Davies, Unknown Employees of LCJ and Unknown Employees of CHI

35.     Each paragraph of this Complaint is incorporated as if restated fully herein.

36.     Defendants, acting under color of law, denied Mr. Wilson his rights under the 8th Amendment to the United States Constitution in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

9

37.     Mr. Wilson suffered an objectively serious medical condition and Defendants were deliberately indifferent to his condition.

38.     That Defendant's had a duty not to violate Mr. Wilsons rights but breached that duty and as a direct and proximate result of the aforesaid, Plaintiff has been damaged as alleged.

### COUNT II: 42 U.S.C § 1983
### Violation of Fourteenth Amendment Rights
### Against Defendants Lake County Sheriff Department, Dr. Forgey, CHI, Davies, Unknown Employees of LCJ and Unknown Employees of CHI

39.     Each paragraph of this Complaint is incorporated as if restated fully herein.

40.     Defendants, acting under color of law, denied Plaintiff his rights under the Fourteenth Amendment to the United States Constitution in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

41.     That Defendant's had a duty not to violate Mr. Wilsons rights but breached that duty and as a direct and proximate result of the aforesaid, Plaintiff has been damaged as alleged.

### Count III: Unreasonable Uses of Force

42.     Defendant (employee of Lake County Sheriff's Dept.) used unreasonable force against Mr. Wilson when he (with deliberate indifference) prevented Mr. Wilson from receiving medical care and then further exacerbating his injury by lifting Mr. Wilson by his injured and handcuffed arms/shoulder resulting in physical injury and a reasonable person in the circumstances would have known that such force was highly unnecessary.

### COUNT IV: 42 U.S.C § 1983
### Defendant Lake County Sheriff Department, Dr. Forgey and CHI

43.     Each paragraph of this Complaint is incorporated as if restated fully herein.

44.     Prior to the events at issue herein, Defendant Lake County Sheriff Department

10

developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the LCJ, which caused violations of Mr. Wilsons civil rights.

45.     It was the policy, practice and/or custom of Defendant Lake County Sheriff's Department, Dr. Forgey and CHI to fail to adequately treat inmates who required extensive and/or expensive medical care.

46.     It was the policy, practice and/or custom of Defendant Lake County Sheriff's Department, Dr. Forgey and CHI to inadequately and improperly investigate and scrutinize the backgrounds of administrators and medical service providers, including those identified herein.

47.     As a result, Defendant Lake County Sheriff Department, Dr. Forgey and CHI retained administrators and medical service providers, including those identified herein, who have deprived the federally and state protected rights of people with whom they have come into contact, including Mr. Wilson.

48.     The deprivation of rights was the plainly obvious consequence of Defendant Lake County Sheriff Department, Dr. Forgey and CHI failure to adequately and properly investigate and scrutinize the backgrounds of administrators and medical providers.

49.     It was the policy, practice and/or custom of Defendant Lake County Sheriff Department, Dr. Forgey and CHI to inadequately and improperly investigate complaints regarding constitutional violations at the LCJ (including complaints concerning inadequate medical care), and such violations were instead tolerated by the Defendants.

50.     It was the policy, practice and/or custom of Defendant Lake County Sheriff Department, to inadequately supervise and train its administrators and medical providers,

11

including those identified herein, thereby failing to adequately discourage further constitutional violations on the part of these officials.

51.     Defendant Lake County Sheriff Department, Dr. Forgey and CHI did not provide and/or require appropriate in-service training or re-training to prevent constitutional violations.

52.     As a result of the above described policies, practices and customs, administrators and medical providers believed that their actions would not be investigated or sanctioned but would be tolerated.

53.     The above described policies, procedures and customs demonstrated a deliberate indifference on the part of the policymakers to the constitutional rights of persons within the LCJ, and were the cause of the violations of Mr. Wilson's rights as alleged herein.

54.     As a direct and proximate result of the aforesaid, Mr. Wilson has been damaged as alleged.

### Count V: Government Unit Liability

55.     Defendants Lake County Indiana, Lake County Sheriff's Department, CHI, and Dr. Forgey are liable for the unreasonable uses of force, negligence, deliberate indifference to serious medical conditions in violations of the 8th & 14th amendments described herein because their illegal customs, policies, and practices caused the constitutional violations that harmed Plaintiff.

### Count VI: Assault and Battery

56.     When unknown employees of Lake County Jail (believed to be Corporal Reeves) confined, viewed, and touched him, while armed and in uniform, they created in Plaintiff the imminent fear of bodily harm and touched him in a manner that caused him personal injury without cause to do so, except to intentionally cause Mr. Wilson pain for their own personal gratification and enjoyment.

12

## Count VII:  Intentional Infliction of Emotional Distress

57.    Defendants conduct as described above: (a) was extreme and outrageous; (b) was intended to inflict severe emotional distress on Plaintiff; and c) caused Plaintiff severe emotional distress.

## Count VIII:  Illegal Conspiracy

58.    All of Defendants agreed with each other to illegally retaliate against and punish Mr. Wilson for his several grievances and each defendant committed at least one overt act to further the conspiracy as described above.  Defendants agreed to ignore or reject Mr. Wilson's formal grievances and refuse him medical treatment in violation of his civil rights.

## Count IX:  Respondeat Superior Negligent Hiring Training Supervision

59.    Defendants Lake County, Lake County Sheriff's Department, CHI are liable for the assault and battery, intentional infliction of emotional distress, abuse of process, false imprisonment, negligent hiring, training, and supervision of their agents under the theory of *respondeat superior*.

## Count X: State Law Negligence
## Against Defendants Lake County Sheriff Department, Davies, Unknown Employees of LCJ

60.    Each paragraph of this Complaint is incorporated as if restated fully herein.

61.    Mr. Wilson was in the custody and control of LCJ.

62.    Defendants had a duty to provide Mr. Wilson with safe living conditions.

63.    As stated in detail above, Defendants failed to provide Mr. Wilson with safe conditions as evidenced by a 300lbs jail door falling onto Mr. Wilson, that the jail knew was broken but had not taken any effort to fix and make safe.

64.    As a direct result of Defendant's failures, Mr. Wilson suffered significant Permanent physical injury and immense pain.

13

### COUNT XI: State Law Negligence
### Against Defendants Lake County Sheriff Department, Davies, Unknown Employees of LCJ

65.     Each paragraph of this Complaint is incorporated as if restated fully herein.

66.     Mr. Wilson was in the custody and control of LCJ.

67.     Defendants had a statutory duty to take care of Mr. Wilson which includes

providing adequate medical treatment.

68.     Defendants failed to provide Mr. Wilson adequate medical treatment in a

reasonable manner.

69.     As a direct result of Defendant's failure, Mr. Wilson suffered immense pain and

permanent injury.

### COUNT XII: State Law
### Respondeat Superior Defendant Lake County Sheriff Department

70.     Each paragraph of this Complaint is incorporated as if restated fully herein.

71.     In committing the acts alleged in the preceding paragraphs, Defendant Unknown

Employees of LCJ, Defendant Unknown Employees of CHI were employees, members, and agents

of Lake County Jail, acting at all relevant times within the scope of his or her employment.

72.     Defendant Lake County Sheriff Department is liable as principal for all torts

committed by their agents.

### COUNT XIII: State Law Negligence
### Against Defendants Dr. Forgey, CHI, Unknown Employees of CHI

73.     Each paragraph of this complaint is incorporated as if restated fully herein.

74.     Mr. Wilson was in the custody and control of LCJ.

75.     Defendants contracted with Lake County and the LCJ to provide medical treatment

and services to the inmates of the LCJ.

14

76.     Defendants had a statutory duty to take care of Mr. Wilson which includes providing adequate medical treatment.

77. Defendants failed to provide Mr. Wilson adequate medical treatment in a reasonable manner.

78.     As a direct result of Defendants' failure, Mr. Wilson suffered immense pain and permanent injury.

### COUNT XV: State Law
### Respondeat Superior Defendant CHI

79.     Each paragraph of this complaint is incorporated as if restated fully herein.

80.     In committing the acts alleged in the preceding paragraphs, Defendant Unknown Employees of CHI were employees, members, and agents of CHI, acting at all relevant times within the scope of his or her employment.

81.     Defendant CHI is liable as principal for all torts committed by their agents.

### COUNT XVI: First Amendment Retaliation
### Defendant Unknown Officers of LCJ, Unknown Employees of CHI

82.     Each paragraph of this Complaint is incorporated as if restated fully herein.

83.     Mr. Wilson filed a grievance form against Defendants for failing to provide him adequate medical treatment.

84.     As a result of his grievances, Mr. Wilson was treated differently, was denied additional medical treatment, was physically harmed, refused a blanket, and had his grievances ignored or denied without consideration.

85. Defendants took these actions to punish him for his grievances and in an attempt to silence him with regard to the grossly negligent door incident.

15

## VI.     Prayer for Relief

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that the Plaintiff has suffered substantial and continuing injury as a result of deprivation of his civil and constitutional rights, and otherwise wrongful conduct, and aware the following relief as appropriate:

A. Award Plaintiff compensatory damages in an amount to be proven at trial;

B. Award Plaintiff punitive damages against the non-municipal defendants in an amount

to be proven at trial;

C. Award Plaintiff attorney fees, costs, and prejudgment interest pursuant to 42 U.S.C. §

1988; and

D. Award Plaintiff all other just and equitable relief.

E. Award Plaintiff damages and relief pursuant to IC 34-24-3-2

F. Such other legal and equitable relief as the Court deems just and proper.

## VII.     Jury Demand

Plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demands

trial by jury on all of his Counts.

## VIII.     Tort Notice

That Plaintiff's gave proper notice to all parties pursuant to the Indiana Tort Claims Act.

Respectfully submitted by:

THE LAW OFFICE OF BURT & DAHL, P.C.

By:

Blake N. Dahl  (30576-64)
2700 Valparaiso Street #2024
Valparaiso, IN 46384
Phone:  219-246-2510
Fax:  219-359-2478
E-Mail: Blake@LawFirmIndiana.com

16

STATE OF INDIANA            )                  LAKE   COUNTY   CIRCUIT   COURT
                           ) SS:
COUNTY OF LAKE             )                   CAUSE NO:

NAPOLEON WILSON,                             )
                                            )
        v.                                  )
                                            )
LAKE COUNTY SHERIFF'S DEPARTMENT;           )
LAKE COUNTY INDIANA;                        )
JOHN BUNCICH individually and in his official )
Capacity as Lake County Sheriff;           )
EDWARD DAVIES individually and in his official )
Capacity as Jail Administrator or Warden of Lake )
County Jail;                               )
DR WILLIAM FORGEY individually and in his   )
Official capacity as Medical Director at Lake )
County Jail;                               )
CORRECTIONAL HEALTH INDIANA, INC.;         )
UNKNOWN EMPLOYEES OF                        )
CORRECTIONAL HEALTH INDIANA, INC.;         )
UNKNOWN EMPLOYEES OF LAKE                   )
COUNTY SHERIFF'S DEPT/Jail                  )           **JURY TRIAL DEMANDED**

## DESIGNATION OF EVIDENCE

Plaintiff Napoleon Wilson, hereby designates the following evidence in support of his Petition for Expungement:

1. "Exhibit A", Tort Claim Notice (Copy)

WHEREFORE, the Petitioner prays that this Honorable Court find in favor of the Plaintiff and for all just and proper relief in the premises.

Respectfully Submitted,
LAW OFFICES OF BURT & DAHL, P.C.

By: /s/ *Blake N. Dahl*

Blake N. Dahl  # 30576-64
2700 Valparaiso Street #2024
Valparaiso, Indiana 46384
Tel.: 219-246-2510
Fax.: 219-359-2478
Blake@LawFirmIndiana.com

17



# KING, BROWN & MURDAUGH, LLC
## TRIAL LAWYERS

Russell W. Brown Jr.
rbrown@kbmtriallawyers.com
(O) 219.769.6300
(C) 574.551.9945
(F) 219.769.0633
9211 Broadway
Merrillville, IN 46410

May 12, 2017

VIA CERTIFIED MAIL RETURN
RECEIPT REQUESTED –

Indiana Political Subdivision
Risk Management Commission
General
311 W. Washington Street
Street
Suite 103
Indianapolis, Indiana 46204
46204

Curtis Hill
Indiana Attorney

302 W. Washington

5th Floor
Indianapolis, Indiana

Sheriff John Buncich
Lake County Sheriff's Department
of Commissioners
2293 N. Main St.
Crown Point, IN 46307
46307

Lake County Board

2293 N. Main St.
Crown Point, IN

Re:     Napoleon Wilson
        Date of Incident: November 25, 2016

## NOTICE OF TORT CLAIM

YOU ARE HEREBY NOTIFIED that pursuant to Indiana Code §
34-13-3-8, this document shall serve to notify Lake County and the Lake
County Sheriff's Department of a 42 U.S.C. § 1983 claim and state tort
claims claim by Napoleon Wilson, against the County and Sheriff
Department for gross negligence. Mr. Wilson is currently in custody at
the Lake County Jail.

On or about November 25, 2016, Mr. Wilson was housed in 3F.
On that date, Mr. Wilson attempted to gain access to the Tel-Mate area.
The door to that area was broken and Mr. Wilson had to physical open
the door. While Mr. Wilson attempted to open the door, the door fell on
him causing significant injuries. The Lake County Jail knew that the
door was broken and that inmates were forced to physically open and
close the door in order to access the Tel-Mate area.

As a direct result of the gross negligence of the Lake County Sheriff to
properly secure the door, Mr. Wilson sustained damages which include

Scott King is licensed in Indiana
Russell W. Brown Jr. and
Lakeisha Murdaugh are licensed
in Indiana and Illinois

# EXHIBIT - A



# KING, BROWN & MURDAUGH, LLC
## TRIAL LAWYERS

pain and suffering. Mr. Wilson seeks damages in an amount of $100,000. Mr. Wilson has authorized this firm to make this notice of tort claim on his behalf.

Respectfully submitted,

SCOTT KING GROUP

By: _____

Russell W. Brown, Jr., #29628-64
9211 Broadway
Merrillville, Indiana 46410
Attorney for Plaintiff

Russell W. Brown Jr.
rbrown@kbmtriallawyers.com
(O) 219.769.6300
(C) 574.551.9945
(F) 219.769.0633
9211 Broadway
Merrillville, IN 46410

Scott King is licensed in Indiana
Russell W. Brown Jr. and
Lakeisha Murdaugh are licensed
in Indiana and Illinois

STATE OF INDIANA
## OFFICE OF THE ATTORNEY GENERAL
INDIANA GOVERNMENT CENTER SOUTH, FIFTH FLOOR
302 W. WASHINGTON STREET • INDIANAPOLIS, IN 46204-2770
www.AttorneyGeneral.IN.gov

**CURTIS T. HILL, JR.**
INDIANA ATTORNEY GENERAL

TELEPHONE: 317.232.6201
FAX: 317.232.7979

May 24, 2017

Mr. Russell W. Brown Jr.
Attorney at Law
The Scott King Group Lawyers
Barrister Court
9211 Broadway
Merrillville, Indiana 46410

RE:   Your Client(s):      Napoleon Wilson
      Date of Incident:   November 25, 2016

Dear Mr. Brown Jr.:

Our office has received your correspondence in which you allege that your client incurred personal injury due to the negligence of the Lake County Sheriff's Department.

After a thorough and careful review of the information provided, it does not appear that the State of Indiana has any connection with this case. Unless new information is discovered that would include the State of Indiana as a party, this claim will be filed without further action.

If you have any questions, please contact the undersigned.

Sincerely,

Michael R. Ward
Director
Special Investigations Division

MRW/me



**PUBLIC RISK**
**UNDERWRITERS**

May 17, 2017

Atty. Russell Brown
The Scott King Group
9211 Broadway
Merrillville, IN 46410

RE:     **Tort Notice to Indiana Political Subdivision Risk Management Commission**
        **Napoleon Wilson, DOL 11/25/2016**

Dear Sir/Madam:

As administrator for the Indiana Political Subdivision Risk Management Commission, we are providing formal acknowledgement of receipt of the above-referenced notice of tort claim dated 5/12/2017 filed against Lake County.

The Indiana Political Subdivision Risk Management Commission is a funding mechanism for Indiana Governmental entities that require liability coverage.  PLEASE NOTE that not all Indiana Governmental agencies participate in this Commission.

Lake County is/are not a member(s) of the Indiana Political Subdivision Risk Management Commission Fund.  Further, since no Fund members were identified in your notice of tort claim, no monies are available through the Fund to assist you in your claim.

The Commission can only suggest that you pursue your claim directly with Lake County.  Indiana's Tort Claim Act requires service of Tort Claims on the Indiana Political Subdivision Risk Management Commission (see IC 34-13-3-8).  For your convenience the statute can be found at the following link http://iga.in.gov/legislative/laws/2016/ic/titles/034/articles/013/chapters/003/.  This notice will serve as proof of your compliance with this requirement.

You will receive no further communication from the Commission regarding this claim.  If you have any questions please feel free to contact me at 765-252-3002.

Sincerely,

Randall Sapp, CPCU
Public Risk Underwriters of Indiana, LLC
On behalf of the Indiana Political Subdivision Risk Management Commission

CC:  Dan Hennessey, Indiana Department of Insurance



RECEIVED
MAY 3 0 2017

302 South Reed Road | P.O. Box 1247 | Kokomo, IN 46903-1247 | toll free 800.382.8837 | phone 765.457.9161 | fax 765.868-3310

www.downeypublicrisk.com

## CERTIFICATE OF SERVICE

JOHN BUNCICH 16724-027
MCFP Springfield
FEDERAL MEDICAL CENTER
P.O. BOX 4000
SPRINGFIELD, MO  65801

Lake County Indiana
(Board of Commissioners)
Building 'A', 3rd Floor
2293 N. Main Street
Crown Point, IN 46307

Dr. William Forgey
812 N. WEST STREET,
CROWN POINT, IN, 46307

Edward Davies
5797 Ellsworth
Merrillville, IN 46410

Lake County Indiana
(County Council)
2293 N. Main Street
Crown Point, IN 46307

Unknown Employees of
Lake County Sheriff's Dept.
2293 N Main Street
Crown Point, IN 46307

Lake County Sheriff's Dept.
2293 N Main Street
Crown Point, IN 46307

Correctional Health Indiana, Inc.
United States Corporation Agents, Inc.
605 W. EDISON, STE D
Mishawaka, IN, 46545, USA

Unknown Employees of
Correctional Health Indiana, Inc.
United States Corporation
Agents, Inc.
605 W. EDISON, STE D
Mishawaka, IN, 46545, USA

I certify that on the 21st day of Nov, service of a true and complete copy of the above foregoing pleading or paper was made upon each party or attorney of record herein by US MAIL Certified

I further hereby certify that the foregoing document complies with the requirements of Trial Rule 5 (G) with regard to information excluded from the public record under Administrative Rule 9(G).

18