UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NAPOLEON WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:18-cv-00461 |
| ) | |
| LAKE COUNTY SHERIFF'S DEPARTMENT; ) | |
| LAKE COUNTY INDIANA; ) | |
| JOHN BUNCICH individually and in his official ) | |
| Capacity as Lake County Sheriff; ) | |
| EDWARD DAVIES individually and in his official ) | |
| Capacity as Jail Administrator or Warden of Lake ) | |
| County Jail; ) | |
| DR WILLIAM FORGEY individually and in his ) | |
| Official capacity as Medical Director at Lake ) | |
| County Jail; ) | |
| CORRECTIONAL HEALTH INDIANA, INC.; ) | |
| UNKNOWN EMPLOYEES OF ) | |
| CORRECTIONAL HEALTH INDIANA, INC.; ) | |
| UNKNOWN EMPLOYEES OF LAKE ) | |
| COUNTY SHERIFF'S DEPT/Jail, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT BUNCICH BRIEF IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Comes now Defendant John Buncich, individually and in his official capacity as Lake County Sheriff (Buncich), by counsel, Alfredo Estrada of Burke Costanza & Carberry LLP, pursuant to N.D. Ind. L.R. 7-1, for his Brief in Support of Motion to Dismiss and states as follows:

**INTRODUCTION**

Plaintiff filed his Complaint on November 21, 2018 in the Lake Superior Court, Hammond, Indiana under Cause No. 45D11-1811-PL-000527. On December 7, 2018, Buncich removed the instant suit to federal court pursuant to 28 U.S.C. § 1441(a). [DE 1]. Plaintiff's Complaint tenuously asserts two counts against Buncich through his use of the undefined term "Defendants",

Count VII (Intentional Infliction of Emotional Distress) and Count VIII (Illegal Conspiracy).[1] After a discussion regarding the standard of review associated with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it is clear that Buncich is entitled to dismissal with prejudice of all Counts alleged against him because Plaintiff has not pled any facts that give rise to a plausible inference of claim for relief.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only to include "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). These allegations "must be enough to raise a right to relief above the speculative level", *id.,* and "must contain sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must decide whether the complaint satisfies the "notice pleading" standard. *Indep. Trust Corp. v. Stewart Info. Serv's Corp.,* 665 F.3d 930, 934 (7th Cir. 2012). In determining the sufficiency of a claim, the court construes the complaint in the light most

---

[1] Count I is aimed at the Lake County Sheriff's Department (LCSD), Dr. Forgey, CHI, Davies, Unknown Employees of LCJ and Unknown Employees of CHI [DE 4, p. 9]; Count II is aimed at Lake County Sheriff's Department (LCSD), Dr. Forgey, CHI, Davies, Unknown Employees of LCJ and Unknown Employees of CHI [DE 4, p. 10]; Count III is aimed at Unknown Employees of LCJ [DE 4, p. 10]; Count IV is aimed at LCSD, Dr. Forgey and CHI [DE 4, p. 10]; Count V is aimed at Lake County, LCSD, CHI, and Dr. Forgey [DE 4, p. 12]; Count VI is aimed at Unknown Employees of LCJ [DE4, p. 12]; Count IX is aimed at Lake County, LCSD and CHI [DE 4, p. 13]; Count X is aimed at LCSD, Davies, and Unknown Employees of LCJ [DE 4, p. 13]; Count XI is aimed at LCSD, Davies, and Unknown Employees of the LCJ [DE 4, p. 14]; Count XII is aimed at LCSD [DE 4, p. 14]; Count XIII is aimed at Dr. Forgey, CHI, and Unknown Employees of CHI [DE 4, p. 14]; Count XV is aimed at CHI [DE 4, p. 15]; and Count XVI is aimed at Unknown Officers of LCJ and Unknown Employees of CHI [DE 4, p. 15].

favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.* 623 F.3d 1143, 1146 (7th Cir. 2010).

The Supreme Court has adopted a two-prong approach when considering a Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id.* This includes legal conclusions couched as factual allegations, as well as "threadbare recitals of elements of a cause of action, supported by mere conclusory statements." *Id.* at 678. Second, if well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Factual allegations "that are merely consistent with a defendant's liability… stop short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 677-78.

## LEGAL ANALYSIS

**I.      Buncich is entitled to dismissal of all official capacity claims because the official capacity claims are redundant and duplicative.**

Official capacity suits represent another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). If a plaintiff brings suit against a government entity, any claim against an officer of that entity in his or her official capacity is redundant and should be dismissed. *Comer v. Housing Auth. of City of Gary, Ind.*, 615 F.Supp.2d 785, 789-90 (N.D. Ind. 2009); s*ee also Graham*, 473 U.S. at 165-66; *Schmidling v. City of Chicago*, 1 F.3d 494, 495 n.1 (7th Cir. 1993)(dismissing the mayor from suit in his official capacity because the same claims were being made against the city); *Bratton v. Town of Fortville*, No. 1:09-cv-1391, 2010 U.S. Dist. LEXIS 54397, 2010 WL

3

2291853, at *4 (S.D. Ind. June 2, 2010) (dismissing official capacity claims against members of town council as duplicative of the claims against the town); *Doffin v. Ballas*, No. 2:12-CV-441-JD-PRC, 2013 U.S. Dist. LEXIS 101148, 2013 WL 3777231, at *8-9 (N.D. Ind. July 18, 2013) (dismissing officers sued in their official capacity because it was duplicative of the claims against the city); *Ball v. City of Muncie*, 28 F.Supp.3d 797, 802 (S.D. Ind. 2014) (finding because the city was "the real party in interest here, the official capacity claims against [defendant] shall be dismissed as duplicative of the claims against the City.").

Plaintiff has named the Lake County Sheriff's Department and named Buncich in his official capacity as Lake County Sheriff alleging redundant and duplicative 42 U.S.C. § 1983 claims against both Defendants. [DE 4]. Seventh Circuit law is clear on the issue and this Court should dismiss all claims against Buncich in his official capacity as Lake County Sheriff because the real party of interest is the Lake County Sheriff's Department and the official capacity claims against Buncich are duplicative and bring nothing to the litigation. Therefore, this Court should dismiss all official capacity claims against Buncich with prejudice.

**II.     Buncich is entitled to dismissal of all claims against him in his individual capacity in Counts VII and VIII because Plaintiff fails to comply with the Indiana Torts Claims Act.**

To the extent Plaintiffs attempt to sue Buncich personally for the Intentional Infliction of Emotional Distress (IIED) and Illegal Conspiracy[2], they fail to state a claim for which can be granted. A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes the loss is:

(1) criminal;
(2) clearly outside the scope of the employee's employment;
(3) malicious;
(4) willful and wanton; or

---

[2] Plaintiff fails to state whether he the Illegal Conspiracy claim is pled as a state law tort or through 42 U.S.C. § 1983. Therefore, in abundance of care Buncich will address it in both manners.

4

>(5) calculated to benefit the employee personally.
>The complaint must contain a reasonable factual basis supporting the allegations. Ind. Code § 34-13-3-5(c).  Indiana Tort Claims Act.

Moreover, "[w]hen the employee's conduct is of the same general nature as that authorized or incidental to the conduct authorized, it is within the scope of employment." *Wilson*, 917 N.E.2d at 1258; see also *City of Gary v. Conat*, 810 N.E.2d 1112, 1118 (Ind. Ct. App. 2004) ("[A] plaintiff cannot sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of his employment.") (citing *Bushong*, 790 N.E.2d at 471 (discussing I.C. § 34-13-3-5(b))).

Plaintiff's Complaint fails to contain a reasonable factual basis to support an IIED and Illegal Conspiracy claims against Buncich. In fact, Plaintiff's "Operative Fact" section contains no reference to any conduct of Buncich. [DE 4, p. 6 – 9]. Thus, Plaintiff's Complaint fails to contain a reasonable factual basis supporting the IIED and Illegal Conspiracy Claims against Buncich. Thus, it fails the mandated pleading requirements of the ITCA, specifically Indiana Code § 34-13-3-5(c). Counts VII and VIII of Plaintiff's Complaint fails to state a plausible claim that entitles him to relief against Buncich in his individual capacity because it fails to comply with Indiana Code § 34-13-3-5.

Additionally, Plaintiff's Complaint fails to comply with the ITCA, specifically Indiana Code § 34-13-3-5. It fails to allege an act or omission of Buncich that was criminal, clearly outside of the scope of his employment, malicious, willful or wanton, or calculated to benefit Buncich personally. Thus, it fails the mandated pleading requirements of the ITCA, specifically Indiana Code § 34-13-3-5. Counts VII and VIII of Plaintiff's Complaint fails to state a plausible claim that entitles them to relief against Buncich in his individual capacity because it fails to comply with Indiana Code § 34-13-3-5.

5

Lastly, Furthermore, Plaintiff's Complaint states that "At all relevant times, . . .Buncich . . . acted within the scope of . . . employment". [DE 4, p. 4, ¶ 12]. A plaintiff cannot sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of his employment." *Bushong*, 790 N.E.2d at 471. Plaintiff's Complaint, on its face, states that at all relevant times Buncich acted within his scope of employment, therefore Plaintiff cannot sue Buncih personally.

Thus, this Court should find that Plaintiff failed to provide sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and dismiss with prejudice all Count VII and VIII individual capacity claims against Buncich.

**III.     Plaintiff's Counts VII and VIII must be dismissed with prejudice because Plaintiff fails to allege an underlying tort against Buncich.**

IIED and Conspiracy are not independent causes of actions under Indiana law. *See Winkler v. V.G. Reeds & Sons, Inc.,* 638 N.E.2d 1228, 1234 (Ind. 1994) (civil conspiracy is not an independent cause of action); *see also Bowlen v. ATR Coil. Co.,* 553 N.E.2d 1262, 1265 (Ind. Ct. App. 1990) (the court dismissing Plaintiff's IIED claim when Plaintiff failed to allege an underlying tort). Plaintiff has failed to allege an underlying tort against Buncich. Absent a underlying tort on which to rest Plaintiff's IIED and Conspiracy claims must fail. Thus, this Court should find that Plaintiff failed to provide sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and dismiss with prejudice all Count VII and VIII individual capacity claims against Buncich.

**IV.     Plaintiff's Count VIII Illegal Conspiracy Claim must be dismissed with prejudice against Buncich because it is not an independent basis for liability under 42 U.S.C. § 1983 actions.**

To the extent Plaintiff attempts to allege his Illegal Conspiracy claim under 42 U.S.C. § 1983 it should be dismissed with prejudice. Conspiracy is not an independent basis for liability in

42 U.S.C. § 1983 actions. *Smith v. Gomez.* 550 F.3d 613, 617 (7th Cir. 1988). A plaintiff's failure to establish that a constitutional injury occurred forecloses relief on the plaintiff's conspiracy claim. *Ibarra v. City of Chicago,* 816 F. Supp.2d 541, 553 (N.D. Ill. Sept. 28, 2011).

Plaintiffs does not allege an underlying constitutional violation against Buncich within his Complaint.[3] Plaintiff's failure to plead a constitutional violation against Buncich forecloses his ability to allege a conspiracy claim against Buncich because conspiracy is not an independent basis for liability in 42 U.S.C. § 1983 actions. Therefore, he is foreclosed from relief under a conspiracy claim. Thus, this Court should find that Plaintiff failed to provide sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and dismiss with prejudice all Count VIII individual capacity claims against Buncich.

## **CONCLUSION**

Based upon the legal arguments, Buncich is entitled to dismissal with prejudice of all claims against him contained in Plaintiff's Complaint.

---

[3] Count I is aimed at the Lake County Sheriff's Department (LCSD), Dr. Forgey, CHI, Davies, Unknown Employees of LCJ and Unknown Employees of CHI [DE 4, p. 9]; Count II is aimed at Lake County Sheriff's Department (LCSD), Dr. Forgey, CHI, Davies, Unknown Employees of LCJ and Unknown Employees of CHI [DE 4, p. 10]; Count III is aimed at Unknown Employees of LCJ [DE 4, p. 10]; Count IV is aimed at LCSD, Dr. Forgey and CHI [DE 4, p. 10]; Count V is aimed at Lake County, LCSD, CHI, and Dr. Forgey [DE 4, p. 12]; Count VI is aimed at Unknown Employees of LCJ [DE4, p. 12]; Count IX is aimed at Lake County, LCSD and CHI [DE 4, p. 13]; Count X is aimed at LCSD, Davies, and Unknown Employees of LCJ [DE 4, p. 13]; Count XI is aimed at LCSD, Davies, and Unknown Employees of the LCJ [DE 4, p. 14]; Count XII is aimed at LCSD [DE 4, p. 14]; Count XIII is aimed at Dr. Forgey, CHI, and Unknown Employees of CHI [DE 4, p. 14]; Count XV is aimed at CHI [DE 4, p. 15]; and Count XVI is aimed at Unknown Officers of LCJ and Unknown Employees of CHI [DE 4, p. 15].

Respectfully submitted,

BURKE COSTANZA & CARBERRY LLP

/s/ Alfredo Estrada
Alfredo Estrada #32580-45
9191 Broadway
Merrillville, IN 46410
(219) 769-1313
estrada@bcclegal.com
*Attorneys for John Buncich individually and in his official capacity as Lake County Sheriff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sends notification of the filing to the following:

Blake N. Dahl, email: Blake@LawFirmIndiana.com
John M. Kopack, email: john@kopack-law.com
Kevin C. Smith, email: ksmith@smithsersic.com
Casey J. McCloskey, email: attymccloskey@hotmail.com
Ryan A. Cook, email: rcook@eichhorn-law.com
John M. McCrum, email: jmccrum@eichhorn-law.com
Angela M. Jones, email: ajones@angelajoneslegal.com

/s/ Alfredo Estrada