UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NAPOLEON WILSON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LAKE COUNTY SHERIFF'S )<br>DEPARTMENT, *et al.*, )<br>    Defendants. ) | CAUSE NO. 2:18-CV-461-JTM-JEM |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion to Dismiss for Failure to Comply with the Court's Discovery Orders [DE 38], filed on January 21, 2020, by Defendants William Forgey and Correctional Health Inc. ("CHI"). Defendants seeks to dismiss the claims against them because Plaintiff has not produced discovery as ordered by the Court. Plaintiff did not respond to either motion within the time allotted to do so.

On January 27, 2020, District Court Judge James T. Moody entered an Order [DE 41] referring this matter to the undersigned Magistrate Judge for a report and recommendation on both motions pursuant to 28 U.S.C. § 636(b)(1)(B). On July 9, 2019, pursuant to the referral, the Court held a hearing on the motion.

**I.     Background**

Defendants served interrogatories on Plaintiff on March 28, 2019. Plaintiff did not respond to the requests until July 30, 2019, and Defendants argued that the responses were deficient. At a discovery conference on September 6, 2019, the parties agreed that Defendants would supplement the responses to several interrogatories by October 11, 2019. Plaintiff did not meet that deadline, and Defendants filed a motion to compel, to which Plaintiff did not respond. The Court granted the

motion to compel and ordered Plaintiff to provide supplemental responses to nine of Defendants' interrogatories by January 3, 2020. *See* December 5, 2019 Order [DE 36].

After the Court's deadline passed, Defendants filed the instant motion to dismiss, arguing that Plaintiff has not complied with the Court's orders. Plaintiff did not respond to the motion to dismiss. Since the motion was filed, Plaintiff has updated his discovery responses on April 1, 2020, and June 29, 2020. Defendants state that Plaintiff's responses to interrogatories remain deficient.

## II.     Analysis

If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissal of the action or prohibiting the disobedient party from introducing those matters into evidence. Fed. R. Civ. P. 37(b)(2)(A). Discovery sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011). Dismissal can be appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith, or fault. *Farrar v. City of Chicago*, 61 F. App'x 967, 969 (7th Cir. 2003) (citations omitted). Dismissal of a claim with prejudice should be considered "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003).

It is undisputed that Plaintiff did not respond to Defendants' interrogatories within the time prescribed by the Federal Rules of Civil Procedure, and did not comply with the extended deadline

2

the Court set in its order granting the motion to compel. At the July 9, 2020 hearing, counsel for Plaintiff argued that Plaintiff's responses were now "substantially compliant" with the Court's order. That argument is not credible. The Court ordered Plaintiff to supplement his responses to nine interrogatories, consistent with the parties' agreement at their September 6, 2019, discovery conference. Of the nine responses, only two, Forgey Interrogatories #8 and #9, have been supplemented. Defendants' counsel reported at the hearing that even those supplements did not resolve the objections raised. Counsel for Plaintiff did not address the deficiencies in those two responses, or give any explanation for the failure to supplement the other seven, although he stated that "there's efforts being made" to comply, and the failure was "not deliberate." Counsel made reference to the fact that Plaintiff was obtaining medical records, noting that some were produced to the defendants on June 29, 2020.

A review of the nine interrogatories to which answers are outstanding underlines Plaintiff's inattention to this litigation. Although some would require consultation of prison or medical records, others simply ask the Plaintiff to explain his claims. For example, in response to CHI's Interrogatory #15, asking him to identify all facts supporting his claim that Defendants intentionally caused Plaintiff severe emotional distress, Plaintiff's standing answer is "Reasonable inferences based upon Defendants' actions of their failure to provide medical treatment and retaliation[.] Mr. Wilson is apprehensive about getting locked-up in Lake County Jail." Ex. B to Mot. to Compel at 9 [DE 33-2]. Forgey Interrogatory #9 asks Plaintiff to list any health care provider who has opined that a permanent injury arose from Defendants' conduct, and explain the basis for the causal link. Plaintiff initially answered, in full, "Dr. Robert Hall." Ex. C to Mot. to Compel at 9 [DE 33-3]. Defendants state that despite having produced some of the relevant medical records, Plaintiff has not actually

3

supplemented his answer to the question. That suggests carelessness, not just a lack of information.

The Seventh Circuit Court of Appeals has held that "the harsh sanction of dismissal [should] be employed only as a last resort." *Rice*, 333 F.3d at 785-86; *see also Banco Del Atlantico, S.A. v. Woods Indus. Inc.*, 519 F.3d 350, 354 (7th Cir. 2008) (holding that dismissal "can only be employed in rare cases"). Given the relatively small amount of discovery in dispute, and counsel's representation that Plaintiff continues to make efforts to supplement discovery, including the recent production of medical records, the Court finds that the "last resort" of dismissal is not yet appropriate.

Plaintiff is warned that he cannot continue to ignore deadlines and discovery orders, and then claim after the fact that he was complying with them. If he does so again, the case should be dismissed. *See*, *e.g.*, *Watkins v. Nielsen*, 405 F. App'x 42, 43-45 (7th Cir. 2010) (upholding dismissal after lengthy delays in producing discovery where "[a] brief glance at Watkins's interrogatory responses is enough to confirm that they are deficient, and at oral argument plaintiff's counsel conceded that Watkins's delays in providing information had led to the incomplete answers"); *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857-58 (7th Cir. 1998) (upholding dismissal due to "Williams's attorneys' frequent disregard of discovery rules, protocol, and the court's deadlines and schedules"). The Court explicitly warns Plaintiff that failure to comply with the conditions outlined below will likely result in dismissal and an award of Defendants' attorney's fees arising from the failure to comply.

Plaintiff must <u>completely</u> supplement his responses to CHI Interrogatories #2, 3(d), 3(q), 15, and Forgey Interrogatories #2, 3, 7, 8, and 9 by September 1, 2020. The Court strongly encourages the parties to resolve any disputes informally, but will entertain further discovery motions related

4

to these interrogatories if appropriate. Given Plaintiff's conduct to date, any argument that he does not yet have enough information to answer these interrogatories will be looked on with extreme disfavor.

With regard to the responses he has not supplemented at all, CHI Interrogatories #2, 3(d), 3(q), 15, and Forgey Interrogatories #2, 3, and 7, Plaintiff may not introduce the facts in those completed responses as evidence at any motion, hearing, or trial in this matter, unless introduced by another party. Noting that no defendant requested any specific sanction other than dismissal, the Court declines to impose any further sanction at this time.

### III.   Conclusion

With regard to the outstanding discovery, which is not subject to the order of referral, the Court hereby **ORDERS**:

(1) Plaintiff must provide completely supplement his interrogatory responses to Defendants CHI and Forgey by **September 1, 2020**;

(2) Plaintiff **may not** introduce the facts in his completed responses to CHI Interrogatories #2, 3(d), 3(q), 15, and Forgey Interrogatories #2, 3, 7, at any motion, hearing, or trial in this matter, unless introduced by another party.

For the reasons described above, the Court hereby **RECOMMENDS** that the District Court **DENY without prejudice** the Motion to Dismiss for Failure to Comply with the Court's Discovery Orders [DE 38].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served to file written objections to this Report and Recommendation with the Clerk of Court. The failure to file

5

a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc*., 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

SO ORDERED this 27th day of July, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record